we have for the appellant, a waiver, and for the appellee, Luke Thomas. Mr. Thomas. Good morning. May it please the Court. I believe the issue in the standard of review before the Court is whether the trial judge in this case abused his discretion in denying plaintiffs' oral motion to amend its complaint. We respectfully contend that he did not. We believe that the  plaintiff has taken the position that the trial judge should allow amendment without length. Both plaintiff and defendant cite in their brief the standard that this Court should use in determining whether or not the trial judge abused his discretion. And we both set forth a four-part test, and I'd like to go through that and apply the facts of this case to that. The first step in this test is whether the amendment would cure a defect in the pleading. We believe that the error in the amended complaint and the proposed amended complaint are uncurable, and that plaintiff is contending that they should be entitled to set forth a complaint for rescission, and that is defective based on the record before the trial court, in that plaintiff had filed originally a complaint or contract seeking monetary damages and alleging a breach of the contract. That complaint was verified, and we believe that in and of itself is an admission by the plaintiff that it had an adequate remedy at law, thereby preventing a claim for rescission. Even assuming that that is incorrect, the other part of it is you have to be able to allege that you can return the parties to the status quo ante, and that is an impossibility. The reason being is that plaintiff initially in the underlying estate case filed a citation proceeding attempting to attack plaintiff's right to title to the property, and then rested on that complaint or that citation for a period of two years. In each, the amended complaint in this case and the proposed amended complaint alleges the basis for rescission is non-payment. I believe that you set forth that you can't, or that you attack the parties right to title under the contract, and then allege non-payment. If you are unwilling and unable to accept payment under that contract by citation proceeding attacking the title to the complaint, you can't then in turn, and I think the case law states that you can't cause a detriment to the defendant, and then allege that they didn't pay when you are unwilling or at least unable to fulfill the terms of the contract. So we think that part of the test shows that they, any proposed amendment that they would set forth on a basis of rescission, that effect could not be cured. And if this court finds that that is true, then the rest, the remaining three, we do not need to go through. But for the sake of argument, I will go through those because I think even going through those, it shows that further amendment shouldn't have been allowed and certainly that the trial judge should not abuse his discretion in denying that. The second part is whether the amendment would unfairly prejudice the opposing party or whether it would unfairly prejudice the defendants in this case. We've cited, both parties cited, and I think the defendants more thoroughly, the procedural history in this matter. This trial judge had before him again a citation proceeding in the underlying estate case which went on for a period of two years. That clause was dismissed on what was to then pursue the breach of contract case. So at that point in time, my clients had to go through the process of defending that action to have that dismissed at the last minute before trial. The trial judge, using his discretion, allowed the breach of contract action to be brought. Plaintiff then brings its breach of contract action, again waits two years and engages in extensive discovery, and then again at the last minute dismisses it in favor of its complaint for rescission. Well, I'm a little confused about the facts here, counsel, and maybe you can clarify it. I, going down to page 9 of your brief, the bottom states, plaintiff states in its brief, defendants have conceded they never in fact made anything to the plaintiff for the property despite the fact the plaintiff succeeded in signing the deed of property over the defendants. Then you say the plaintiff fails to cite the record of appeals for this contention as it is a mere ruse contradicted by defendant's answer. I thought it was clear from this record they paid nothing. What do you mean it's a mere ruse? I believe that their answer, their verified answer to that original complaint for breach of contract, they did answer that that proposition was untrue. I think the record is clear that there hasn't been substantial payment, but I believe, and we never got to this stage. Did your client say he paid nothing? I don't believe he did. In his deposition? That he not made any payments? I believe his deposition didn't entirely cover the, because his deposition was under the citation proceeding. So why does that matter? I mean, we're talking here about whether he paid or he didn't. If he's under oath, he says he didn't pay anything in his deposition, how is it a ruse for the plaintiffs to say that he didn't pay anything? I believe, again, if we went to fruition on the breach of contract claim, his proposition was that he did, in fact, make payment on that, and in doing so... So he was lying or mistaken when he answered this question at the deposition? That would be, I guess, my understanding that yes, that would be the contention. Why do we have any reason to think that, short of, I mean, the only thing we have before us is the deposition, isn't it? Where he says, yeah, I didn't pay anything. Do we think that given an opportunity to address it further, he's going to change his mind? I believe he would have had the opportunity in the breach of contract case to... Gee, I forgot I paid $48,000. Silly me. No, I believe his position at the trial on the breach of contract case would be that he did make payment in the form of allowing his mother to receive the CRP payments while she was alive on that contract. He was going to ask for an officer... The record shows those are pretty minimal, though. In his deposition, he said, I didn't make the $20,000 payment, and you can't later make that. I mean, even if he later paid the $20,000, he didn't pay it when he was supposed to, if you're contending that somehow there were later payments because this case dragged on. But, I mean, he didn't make the $20,000 payment, and I made none of the annual payments. And I wouldn't represent this Court that that would be the position he would take. I think it is, with the exception of the CRP payments that I referenced, that there was not payment on that. But I think our position is that there was nobody or no entity available to make that payment to. His mother passed away so that the monthly or the yearly annual payments could not be made to his mother. There was an administrator appointed in 2000 who attacked his title to the property, unwilling or unable to accept payment under the contract. This administrator in 2004 was attacking his title to the property, and it was not until 2006 did they say that they wanted payment under the contract. So I think it's, yes, he didn't make substantial payment on the terms of the contract, but there was nobody able to accept payment or willing to accept payment. What's different than saying it's a ruse for the plaintiff to contend that these monies were never paid? And perhaps a poor choice of wording on my part to state that, but I think the gist of our argument is that they're trying to contend that they're always wanting performance under that contract, and that it was a matter of a couple of months had passed or weeks had passed, and that they've made proper demand on plaintiff for payment under the contract, and the plaintiff simply refused to do that. I think that's the ruse in trying to convince us toward succinctly arguing that there was nonpayment and we should be entitled to go forward on our complaint for rescission. I don't think that that's accurate reflection of the history of the underlying facts of this case. It's been a while since I've thought about the second part of that test in a case where just the passage of time is prejudiced. There's certainly no surprise that the estate either wants the property back or wants payment, or hey, you haven't paid what you promised you were going to pay. I mean, that's been their position from the beginning. The remedy they see may be different, but the surprise. What is the prejudice in terms of defending or in terms of asserting your rights? Are you suggesting it is just the passage of time? No, I'm not suggesting it's just the passage of time. I think it goes back to putting the parties to task, basically making them prepare and be ready for trial, and then at the last minute amending it. It's doing that twice, and then not only having before you a motion to dismiss where the defendants were asking for dismissal with prejudice, and going through hearing on that, and then finding out your complaint has been dismissed with prejudice, then and only then asking for amendment, basically resting saying you have filed a valid cause of action for rescission and your complaint states that, and then and only then asking to amend it once the judge does in fact grant defendants their relief and dismissal with prejudice. I think that's where we're getting into it, because I think if you take the position that we can always amend it, and considering just the time factor, I think that's going to make it impossible for any defendant to be in a position to defend causes of action brought against them if you can always amend it whether it's a valid cause or an invalid cause to be forced to go to the point of trial and bear those costs. I think that puts plaintiffs at an unfair advantage in negotiations to force defendants to come to some sort of unjust settlement, because defendants simply couldn't under plaintiff's theory afford to continually defend cases up to the point of trial. I believe going on to the third step of the test, whether the motion to amend is timely, we would certainly contend that the motion was not timely, and that is for all the factors, the passage of time from the inception of this administrator being appointed in 2004, going two years on a citation proceeding before dismissing that at the last minute, then filing a breach of contract action, going for two years dismissing it, and then seeking amendment, and not doing it what we would consider probably even with this current counsel. They waited until the current counsel I believe came on in May of 2008, and then waiting until the date of trial on the breach of contract to seek amendment for the rescission. That's previous opportunities to amend the pleadings. And I think the important part of this is, in contradiction to plaintiff's argument, is whether the party, not the attorney, had previous opportunities to amend. I believe plaintiff's taking the position that because it changed counsel late in the game, that this counsel should be equally entitled to a number of amendments as if he was two or three months into the case. And we're not talking about just correcting deficiencies in a pleading to get one cause of action before the trial court. I certainly concur with the, I guess, standard that the amendment should be granted freely to correct technical problems with the pleading. But that's not what is here before the trial court and before this court. We're talking about years of passage. And I think that the order allowing this final amendment makes it clear where the trial judge was coming from. As a condition of allowing that amendment, he didn't want to see them go back to the citation proceeding or the breach of contract. They felt that they had a valid cause of action for the rescission. Plead it, plead it well, and let's bring this case to its finality. Again, plaintiff did not file a sound complaint for rescission. They rested on that complaint for the reasons set forth in the judge's order. It was dismissed and dismissed with prejudice. Plaintiff's counsel, I think, also in stating that he should have been given more opportunity, I think we argued in the brief that he was on the case, either directly or indirectly, for over a year. I don't think that that should allow this plaintiff, I think that contradicts the fact that he didn't have an opportunity to be brought to speed, but I don't think that that's the standard the trial judge has to use. I think it's back to whether the party, and I think that's incumbent upon the party and its attorney, whichever it chooses, whoever it chooses to represent it, to make sure that if it's going to replace its attorney, that that attorney has adequate time to be brought up to speed on the case, to present whatever valid cause of action the party and the attorney determines is appropriate. And I think that, as an attorney, is your obligation to ensure that if, to review the history of the case, ensure you're going to have adequate time to be brought up to speed before taking on the case. And to now make that argument that he wasn't given adequate time, I think that that, again, is not the standard, nor is it appropriate. Again, I think that opens up a dangerous precedent if we allow a party to have an opportunity to amend its complaint simply on replacing its attorney. That, again, provides for amendments of pleadings without a limit. All the party would be required to do is to replace counsel. In theory, that would be the case, but we would not continually do that under the rule the plaintiff is asking the court to adopt. So I think that Judge Green laid the trial, just certainly didn't abuse his discretion. I think he bent over backwards to ensure that whatever cause of action the plaintiff wanted to allege was brought to court, just wanted to be sure that the case did reach a conclusion after five years, and that if you're going to bring a cause of action, let's have it heard. Let's not continually come to court, have a trial set, and then dismiss your complaint at the last minute. So I think for all of these reasons, the trial court's decision should be affirmed. Thank you, counsel. I'll take this matter under advisement and recess for the lunch hour.